IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

SIPAPU, INC., a New Mexico corporation, SIPAPU RECREATION DEVELOPMENT, INC., a New Mexico corporation, and SIPAPU RECREATION DEVELOPMENT II, LLC, a New Mexico limited liability company,

       Plaintiffs,

v.                                                       No. CIV 01-954 BB/RLP

UNITED STATES OF AMERICA, UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture; ANN M. VENEMAN, Secretary of the Department of Agriculture, DALE BOSWORTH, Chief of the Forest Service; ELEANOR S. TOWNS, Regional Forester in Region III of the Forest Service,

       Defendants.

## MEMORANDUM OPINION
## AND
## ORDER DENYING ATTORNEYS' FEES, COSTS AND EXPENSES

THIS MATTER is before the Court on *Plaintiffs' Application for Attorneys' Fees, Costs, and Expenses* [doc. 19], and the Court having considered the submissions of the parties and being otherwise apprised, finds the motion is premature.

## *Discussion*

Plaintiff Sipapu Recreation Development, Inc., owns and operates a ski area located on United States Forest Service land near Taos, New Mexico. On July 3, 2000, Sipapu wrote to the United States Forest Service District Ranger enclosing its 2000 Summer Work Plan, outlining the improvements it planned to make prior to the 2001 ski season. In July, the Summer Work Plan was approved in writing by the District Ranger. Sipapu immediately began implementing the Plan, spending about $250,000 before bad weather halted the process in early November 2000. The next week, the District Ranger informed Sipapu she had exceeded her authority as Sipapu did not have the prerequisite National Environmental Policy Act ("NEPA") approval on file. Between November 2000 and July 2001, Sipapu met with the Forest Service and its various representatives on several occasions to see how the matter could be remedied. At a January 2001 meeting, Sipapu made it clear that the Forest Service needed to complete its NEPA requirements so Sipapu could complete its 2000 Summer Work Plan prior to the beginning of the 2001/2002 ski season as the Poma lift was already removed and the slopes denuded.

In April 2001, Sipapu was told that the Forest Service had obtained funding for the necessary NEPA study. In June, however, the president of Sipapu was informed that the project had not been put out for bid at all and as a result there would be no way Sipapu would be able to complete its Summer Work Plan before the beginning of the

2001/2002 ski season. After a further series of meetings and various correspondence, Sipapu filed suit seeking, *inter alia*, injunctive relief. This Court held an evidentiary hearing on September 4 and issued a preliminary injunction.

Plaintiffs now seek costs, expenses, and attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendants argue "that Plaintiffs' Application is premature, despite the fact that Plaintiffs believe that they were the 'prevailing party' and the position of Defendants was not 'substantially justified', because significant legal issues remain undecided by this Court, not the least of which is whether or not this Court has jurisdiction in this case." Defs.' Resp. at 1. They further note, "Defendants intend to file a formal Motion to Dismiss or, in the alternative, Motion for Summary judgment addressing the jurisdictional issue and other relevant issues in detail." *Ibid* at 2.

The Court agrees Plaintiffs' motion is premature. This Court made its finding of jurisdiction explicitly based "on Plaintiffs' credible allegations of a violation of the Due Process Clause of the Fifth Amendment." Concl. of Law #1. Defendants correctly note that "[o]n September 4, 2001, approximately thirty minutes prior to the commencement of the hearing on the preliminary injunction, Plaintiffs filed an Amended Complaint asserting for the first time the Administrative Procedure Act, 5 U.S.C. §§ 701-706 to cure the jurisdictional defect in their original Complaint." Defs.' Resp. at 3. It follows Defendants were not prepared to fully dispute Plaintiffs' amended

complaint on jurisdiction at the hearing. Defendants are therefore still entitled to challenge jurisdiction or file any other legally appropriate pleadings. An award of attorneys' fees would therefore be premature. *Rodabaugh v. Sullivan*, 943 F.2d 855 (8th Cir. 19091) (TRO would not support an EAJA award when court lacked jurisdiction).

**O R D E R**

For the above stated reasons, *Plaintiffs' Application for Attorneys' Fees, Costs, and Expenses* is Denied as premature.

Dated at Albuquerque this 19th day of December, 2001.

                                                           BRUCE D. BLACK
                                                           United States District Judge

**Counsel for Plaintiff:**

    Robert D. Sckalor, Frank M. Bond, Faith Kalman Reyes, THE SIMONS FIRM, Santa Fe, NM

**Counsel for Defendant:**

    Jan Elizabeth Mitchell, Assistant U.S. Attorney, Albuquerque, NM
    Andrew A. Smith, U.S. Department of Justice Trial Attorney, Albuquerque, NM